IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLIE DILLARD and TODD ELLIOT
KOGER, HUSBAND AND WIFE,

                  Plaintiffs,

v.

BOROUGH OF WILKINSBURG, MATTHEW
MORRISON, JOHN SNYDER, SEAN
GRAMZ, JIM FRANK, DANIEL FRIEDSON,
ENTERPRISE RENT-A-CAR, BRIAN
McLAUGHLIN, MELISSA O'LEARY,
CULGAN TOWING AND RICHARD VIRAG
                  Defendants.

2:14-cv-001157

**ELECTRONICALLY FILED**

## MEMORANDUM ORDER: RE DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 41 AND 45)

### I.  Introduction

This case centers on a contractual relationship between two individuals and a car-rental service, and an alleged conspiracy between the car-rental service and a local municipality to deprive these individuals of their civil rights based upon their race. Kellie Dillard and Todd Elliot Koger ("Plaintiffs"), filed this lawsuit against the Borough of Wilkinsburg ("Wilkinsburg"), Sergeant Matthew Morrison, Sergeant John Snyder, Sean Gramz (identified as a "supervising officer of the state"), Jim Frank (identified as a "supervising officer of the state"), Daniel Friedson (identified as a "supervising officer of the state"), Enterprise Rent-A-Car ("Enterprise"), Brian "McGlaughlin" (an employee of Enterprise Rent-A-Car),[1] Melissa O'Leary (an employee of Enterprise Rent-A-Car), Culgan Towing, and Richard Virag.

Plaintiffs' Complaint includes the following nine (9) counts: Count 1-violation of 42 U.S.C. § 1981; Count 2-violation of 42 U.S.C. § 1983; Count 3-violation of 42 U.S.C. § 1985;

---

[1] Enterprise notices that the correct spelling is McLaughlin. Doc. No. 45, 1.

1

Count 4-violations of state constitutional civil rights (pendent state law claim); Count 5-interference with contract (pendent state law claim); Count 6-defamation (pendent state law claim); Count 7-breach of contract (pendent state law claim); Count 9-violation of the Uniform Commercial Code § 9-609 (pendent state law claim); and Count 10-conversion (pendent state law claim).[2] Plaintiffs do not specify which Defendants are named in these counts. Thus, each count will be presumed to be against each of the Defendants.

Presently before this Court are two Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. Nos. 41 and 45. The first has been filed on behalf of the Borough of Wilkinsburg and Defendants Morrison, Snyder, Gramz, Frank, and Friedson (the "Wilkinsburg Defendants"). Doc. No. 41. The Second Motion to Dismiss has been filed by Enterprise, McLaughlin, and O'Leary (the "Enterprise Defendants"). Doc. No. 45. These Parties move this Court to dismiss Plaintiffs' Complaint in its entirety. Id. Defendants Culgan Towing and Virag were served on September 22, 2014, but have not filed any responsive documents. Doc. Nos. 8 and 9.

Plaintiffs wholly oppose Defendants' Motions. Doc. No. 48.[3]

For the following reasons, the pending Motions to Dismiss (Doc. Nos. 41 and 45) will be DENIED AS PREMATURE, and this matter will be STAYED pending resolution of matters that are on appeal to the United States Court of Appeals for the Third Circuit and pending before the Court of Common Pleas of Allegheny County.

---

[2] Plaintiffs number their counts from one (1) to ten (10), but they omit count eight (8). Doc. No. 7. Therefore, although the last counts are identified as counts nine (9) and ten (10), there are only nine (9) counts. Id.
[3] The Court provided that Defendant may file a Reply brief on or before December 1, 2014. 11/14/14 Text Order. To date, no reply briefs have been filed.

## II. Facts

The following facts, as set forth in Plaintiffs' Amended Complaint, are taken as true solely for the purposes of this Memorandum Order:

On or about June 29, 2013, Plaintiffs contacted Enterprise, to inquire into leasing one of their vehicles. Doc. No. 7, ¶ 14. Plaintiffs were informed by an individual named "Shane" that Enterprise's policy required that a vehicle be rented for 20 days before it could be leased at a monthly rate of $708.55. Id. at ¶ 15. They were also informed that any payment in excess of $708.55 would be refunded after the 20 day rental period. Id. at ¶ 16. Plaintiffs entered into a contract to lease one of Enterprise's vehicles at a rate of $708.55 per month. Id. at ¶¶ 15-16.

On or about the 2nd or 3rd day of the rental, Plaintiffs complained that they were being overcharged on their lease because an optional insurance fee was included in their statement, even though they had advised "Shane" that they declined this coverage. Id. at ¶ 17. An Enterprise manager, "Paige," informed Plaintiffs that the overcharge would be refunded to them by mail after the 20 day rental period. Id. at ¶ 18.

By July or August 2013, this overcharge was not corrected. Id. at ¶ 19. Plaintiffs informed another Enterprise employee, "Pam," who stated that the overcharge would not be refunded and that "Paige" was no longer employed at Enterprise. Id. at ¶¶ 19-20.

Plaintiffs subsequently asked to speak to a district manager at Enterprise in order to dispute the overcharge, but "Pam" refused to provide the telephone number and attempted to keep the vehicle as an apparent "retaliation" despite receiving the full lease payment of $1,299.32. Id. at ¶¶ 21-22. "Pam" called Defendant Morrison, of the Borough of Wilkinsburg Police Department, while he was on duty, "to her office as an agent [to] enforce her planned conspiracy/retaliation" against the Plaintiffs. Id. at ¶ 22.

Plaintiffs contacted another Enterprise office located in Turtle Creek to obtain the corporate district manager's telephone number. Id. at ¶ 23. Defendant McLaughlin is the district manager. Id. at ¶ 24. "Pam" falsely informed Defendant McLaughlin that Plaintiffs were ineligible for the $708.55 monthly lease rate because they had not rented the vehicle for more than 20 days. Id. Plaintiffs informed Defendant McLaughlin that they had rented the vehicle since June 29, 2013 (more than 30 days) and were being overcharged because of their race, African-American. Id. at ¶ 25. Plaintiffs witnessed a "corporate policy" of Pam charging a white female customer that day (on or about July or August of 2013) at a lower rate. Id. Plaintiffs also informed McLaughlin that "Pam" had involved law enforcement and was using Defendant Morrison to enforce the overcharge on Plaintiff's lease, furthering the conspiracy and retaliation against Plaintiffs. Id. at ¶ 26.

On or about July or August of 2013, Defendant McLaughlin ordered both Pam and Defendant Morrison to immediately return the keys to the vehicle to Plaintiffs. Id. at ¶ 27. Defendant McLaughlin advised Plaintiffs that they should "communicate with him" exclusively and that the overcharged rate was corrected to $708.55 per month. Id. at ¶¶ 28-29. Defendant McLaughlin informed Plaintiffs that the overpayment for June/July would not be refunded because "Paige" had already refunded part of the overpayment and the remaining balance had to be sent by mail. Id. at ¶ 30.

Plaintiffs paid the monthly rate for the months of September and October. Id. at ¶ 31. In October 2013, Plaintiffs were denied the keys to the vehicle because "Pam" said that Defendant McLaughlin was no longer with the company. Id. at ¶¶ 31-32. Plaintiffs complained to the corporate office in Moon Township that the monthly rate was paid, their refund for June/July had

not been received, and "Pam" would not return the keys. Id. at ¶ 33. "Pam" was ordered to return the vehicle's keys to Plaintiffs. Id. at ¶ 34.

"Pam" contacted Defendant Morrison to assist in repossessing the vehicle from Plaintiffs. Id. at ¶ 35. On the morning of October 17, 2013, Defendant Morrison arrived at Plaintiffs' home with Defendant Richard Virag, in his capacity as an employee of Defendant Culgan Towing Company. Id. at ¶ 36. Defendant Morrison threatened Plaintiffs, saying "I'm going to bring the weight of the state (as a police officer) against you and your family, if you don't give me the fucking keys to the vehicle." Id. at ¶ 37. Plaintiffs objected to the repossession and did not give the keys to the vehicle to either Defendant Morrison or Defendant Virag. Id. at ¶ 38. Rather, Plaintiffs provided Defendant Morrison with documentation of their October 2013 payment for the vehicle. Id.

Defendant Morrison refused to return this documentation unless Plaintiffs gave him the keys. Id. at ¶ 39. Defendant Morrison made more threats, including threats of arrest and retaliation. Id. at ¶ 40. Defendant Morrison also threatened to call code enforcement to come to Plaintiffs' property and threatened to "cause [Plaintiffs'] family FUCKING HELL from this day forward." Id. at ¶¶ 41-42. The vehicle was towed. Plaintiffs never forfeited the keys. Id. at ¶ 43. Plaintiffs were not permitted to remove personal property from the vehicle. Id. at ¶ 50. Defendant Wilkinsburg does not have an official policy, custom, or plan for repossessions or one by which their Police Officers can act as repossession agents for third parties. Id. at ¶¶ 51-52. Defendant Morrison was not licensed to repossess the vehicle. Id.

That same day, Defendant Morrison summoned Defendants Snyder and Gramz to Plaintiffs' residence to raise "FUCKING HELL." Id. at ¶ 44. These Defendant Officers and Defendants Frank (a borough councilman) and Friedson have conspired to violate Plaintiffs' civil

5

rights. Id. at ¶ 45. These Defendants have approached Plaintiffs' neighbors with false statements, which were made in an effort to involve these neighbors in conspiring against Plaintiffs. Id. at ¶ 46. These Defendants have also undertaken other intentional acts to harass Plaintiffs and violate their civil rights. Id. at ¶ 47-48.

On morning, in April 2013, at approximately 5:00 AM, Defendant Snyder kicked in Plaintiffs' front door and entered the property while displaying his flashlight. Id. at ¶ 48. Defendant Snyder left the residence after he encountered Plaintiffs' dogs. Id.

On or about July 31, 2013, Defendant Friedson mailed at least 25 threatening letters to Plaintiffs to harass them. Id. at ¶ 49.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 562 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike

> conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 562 U.S. at 672).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twombly*, 550 U.S. at 563 n.8.

IV. **Discussion**

Defendants move this Court to dismiss Plaintiffs' Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that: (1) Plaintiffs have not pled sufficient facts to notify Defendants of the basis of their claims; (2) Plaintiffs have not established claims pursuant to 42 U.S.C. §§ 1981, 1983, or 1985; (3) Plaintiffs have not sufficiently pled pendent state court claims for state constitutional violations (Count IV), intentional interference with a

contract (Count V), or defamation (Count VI); (4) Count VII, breach of contract, must be dismissed as to the Wilkinsburg Defendants because they were not party to any contract; (5) Count IX, violation of Section 9-609 of the Uniform Commercial Code ("UCC") does not involve the Wilkinsburg Defendants and must be dismissed as to these Defendants; and (6) Count X, conversion, must be dismissed because Plaintiffs have failed to establish that the Wilkinsburg Defendants unlawfully took their property. Doc. No. 42. The Wilkinsburg Defendants also move this Court to dismiss Plaintiffs' claim for punitive damages because punitive damages may not be recovered against a governmental entity in a civil rights case. Id.

The Enterprise Defendants join in the Wilkinsburg Defendants' Motion to Dismiss, but have chosen not to file a substantive brief in support of their Motion to Dismiss. Doc. No. 45. Therefore, because the Wilkinsburg Defendants' arguments to dismiss Counts VII-breach of contract, Count IX-violation of Section 9-609 of the UCC, and Count X-conversion solely pertain to the Wilkinsburg Defendants, the Court finds that the Enterprise Defendants have not moved to dismiss these counts.

The majority of Plaintiff's claims revolve around Plaintiffs' contractual relationship with Enterprise, including those against the Wilkinsburg Defendants. This contractual relationship was raised by Enterprise in a civil action filed in the Court of Common Pleas of Allegheny County on August 19, 2014, approximately one week prior to Plaintiffs' filing of the instant lawsuit. *Enterprise Rent-A-Car Company of Pittsburgh, LLC v. Todd Koger*, No. AR-14-003216. Enterprise set forth a breach of contract claim. The Complaint, in state court, includes many of the same factual averments as Plaintiffs' Complaint in this action (e.g. Enterprise contacted Sergeant Morrison on October 17, 2013, to tow the vehicle to Culgan's impound facility).

On September 3, 2014, Koger filed a Motion for Leave to Proceed *In Forma Pauperis*, at a separate federal case number, and attached Enterprise's Civil Complaint, which was then pending before the Court of Common Pleas of Allegheny County. 14-cv-01181. This Court denied Koger's Motion and found that Enterprise's Complaint had not been properly removed to the United States District Court for the Western District of Pennsylvania. Doc. No. 2. The Court terminated the civil action. Id. Koger has appealed this Order to the United States Court of Appeals for the Third Circuit. Doc. No. 3. This appeal is still pending before the United States Court of Appeals for the Third Circuit. 14-3857. Koger's appeal from the Court's Order denying his removal action has caused his case in the Allegheny County Court of Common Pleas to be stayed pending resolution of his appeal by the Court of Appeals. 10/14/2014 Notice.

The Parties and the public interest would be best served by staying the present case. The following must occur before this Court can substantively rule on Defendants' pending Motions to Dismiss:

- The United States Court of Appeals for the Third Circuit's ruling as to whether Enterprise's breach of contract claim was properly removed to the Western District of Pennsylvania; and
- Enterprise's breach of contract claim must be adjudicated by the presiding Judge if the matter proceeds in the Court of Common Pleas of Allegheny County.

Further action in this case, without knowing whether this Court will preside over Enterprise's breach of contract case, may cause duplicative filings, expose the Parties to inconsistent rulings, and spur needless litigation. A stay in this matter would conserve judicial resources as well as those of the Parties and will further "the just, speedy, and inexpensive determination" of this action once the Court and the Parties receive notice of which Court will preside over Enterprise's claim against Plaintiff Koger.

Therefore, the following Order is entered:

V. **Order**

AND NOW, this 4th day of December, 2014, IT IS HEREBY ORDERED THAT:

1. Defendants' Motions to Dismiss (Doc. Nos. 41 and 45) are **DENIED AS PREMATURE**;

2. This civil action shall be **CLOSED** pending resolution of Plaintiff Koger's Notice of Appeal from this Court's Order denying his Motion for Leave to Proceed *In Forma Pauperis* 14-cv-01181, Doc. No. 3, by the United States Court of Appeals for the Third Circuit;

3. If the United States Court of Appeals for the Third Circuit remands civil action number 14-00181 for further action, this Court will enter an Order in both 14-01181 and this matter (14-cv-01157) to ensure that a schedule is in place to provide for adjudication of the Parties' dispute; and

4. If the United States Court of Appeals for the Third Circuit denies Plaintiff Koger's appeal in 14-cv-01181, the Parties shall continue to litigate Enterprise's breach of contract claim in the Court of Common Pleas for Allegheny County. Any Party may petition this Court to re-open this matter within 30 days of a final judgment in the action in the Court of Common Pleas of Allegheny County.

                s/ Arthur J. Schwab
                Arthur J. Schwab
                United States District Judge

cc: All Registered ECF Counsel and Parties